**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Scoutware, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Walgreen Co.<br><br>Defendant | Civil Action No. ___________________<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Scoutware, LLC ("Plaintiff"), files this Complaint for Patent Infringement against Walgreen Co. ("Walgreens" or "Defendant") for infringement of United States Patent No. 11,646,988 ("the '988 Patent") (the "Asserted Patent" or "Patent-in-Suit").

**THE PARTIES**

1. Plaintiff Scoutware, LLC is a limited liability company organized under the laws of Illinois with a principal address of 116 N. Main St., Suite 1, Elburn, IL 60119.

2. On information and belief, Defendant Walgreen Co. is a company organized and existing under the laws of Illinois with a principal place of business located at 109 Wilmot Rd, Deerfield, IL 60015 and may be served with process through its registered agent Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3. This civil action arises under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to general and specific personal jurisdiction in this Court based upon Defendant's regularly conducted business in the State of Texas and in the Western District of Texas, including the conduct giving rise to this action.

6. Defendant has regular and established places of business in the Western District of Texas, including, but not limited to, 3326 Fredericksburg Rd, San Antonio, Texas 78201, 1560 Bandera Rd, San Antonio, Texas 78228, 3401 San Pedro Ave, San Antonio, Texas 78212, and many more. *See* https://www.walgreens.com/storelocator/pharmacy/san-antonio-tx.

7. Defendant has conducted business and does conduct business in San Antonio, Texas.

8. Defendant sells and offers to sell products and services throughout the State of Texas, including in the Western District of Texas.

9. Defendant uses infringing communication systems to communicate with its customers throughout the State of Texas, including in this judicial district.

10. The United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant. Defendant has a regular and established place of business in the Western District of Texas. Defendant has committed acts of patent infringement in the Western District of Texas.

11. Defendant regularly conducts and solicits business in and/or derives substantial revenue from goods and services provided to residents of this district and the State of Texas.

12. Plaintiff's cause of action arises, at least in part, from Defendant's voluntary contacts with and activities in this district and the State of Texas.

13. This Court has personal jurisdiction over Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* Personal jurisdiction exits over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing patent infringement within Texas and this district. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this district, including by using infringing systems to communicate with residents of the Western District of Texas, and by soliciting business from the residents of the Western District of Texas. This Court's jurisdiction over Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from Defendant's purposeful minimum contacts with the State of Texas.

14. This Court also has personal jurisdiction over Defendant because Defendant has purposefully and voluntarily used its infringing systems to provide goods and services to residents of this District.

15. Venue in the Western District of Texas is proper under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## FACTUAL ALLEGATIONS

### *THE PATENT-IN-SUIT*

16. Scoutware is the exclusive licensee of all rights in and to, including the right to sue for past and future infringement, of the '988 Patent entitled "Verified Hypermedia Communications." A true and correct copy of the '988 Patent is attached hereto as **Exhibit A**.

17. The Asserted Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

18. The inventions described and claimed in the Asserted Patent were invented by Jeffrey N. Murphy. Mr. Murphy is an owner of Scoutware.

19. The priority date for the Asserted Patent is February 24, 2016.

20. The Asserted Patent relates to methods of communicating using unique dynamic messaging links. A sender sends a recipient an electronic message containing a link. The link is assigned to a personalized message intended for the recipient. Upon activation of the link, the recipient is directed to the personalized message.

21. The technology disclosed and claimed in the Asserted Patent enables a sender to send verified communications to recipients using a link that can be delivered via a text message. The ability to initiate the communication via a text message is appealing to modern day persons. The ability to use a link to a hypermedia communication enables the sender to communicate without the size constraints applicable to text messages and/or spam filters applicable to email communications.

***DEFENDANT'S INFRINGING COMMUNICATION SYSTEM***

22. Defendant operates a pharmacy and claims to serve "more than 9 million customers and patients each day."[1]

23. Defendant implements a communication system, *i.e.*, a pharmacy customer messaging system (the "Accused System"), wherein Defendant communicates with its pharmacy customers.

[1] https://corporate.walgreens.com/news-and-stories/press-releases/pharmacy-healthcare/walgreens-launches-pharmacy-patient-advisory-board-to-strengthen-patient-collaboration/

24. Defendant describes "Walgreens mobile messaging" as "a service for registered customers to receive text alerts* delivered to a mobile device. These messages include Pharmacy Alerts, which will send you prescription refill notifications…"[2]

25. Defendant maintains a specific process for customers to sign up to receive communications from Walgreens. Namely, customers are presented with a prompt--"Do you want to receive Pharmacy Prescription Ready Alerts"—and select "Yes."[3]

26. Defendant requires customers to consent to receive communications from Defendant prior to sending customers pharmacy alerts via text message.

27. Defendant communicates with pharmacy patients to notify pharmacy customers when prescriptions are due for refill, ready for pickup, or delayed. Defendant also sends pharmacy customers order confirmations after customer requests a refill.[4]

28. According to Defendant's website "signing up for text alerts automatically enrolls you in both status updates and refill reminders."[5]

29. To participate in receiving communications from Defendant, customers must verify their phone number to complete the sign up process.[6]

30. Defendant allows for customer to opt out of receiving communications from Defendant.[7]

31. Defendant communicates with its pharmacy customers by sending electronic messages to customers, such as text messages, an example of which is attached hereto as **Exhibit B** and is shown below:

---

[2] https://www.walgreens.com/topic/help/mobileandsocial.jsp
[3] https://www.walgreens.com/topic/help/mobileandsocial.jsp
[4] https://www.walgreens.com/topic/pharmacy/text-alerts.jsp
[5] *Id.*
[6] *Id.*
[7] *Id.*




32. Based on information and belief, the communication shown above is representative of text messages Defendant has sent, and continues to send, to millions of its pharmacy customers.

33. The communication from Defendant shown above includes a unique dynamic messaging link comprising a recognizable domain name. Namely, the portion of the message "wlgrn.com/WPkGgvBjP" is a unique dynamic messaging link and wlgrn.com is a domain that is recognizable to Defendant's customers as being a domain associated with Defendant.

34. The communication from Defendant shown above includes a random hash code, WPkGgvBjP, which corresponds to an individual unique personalized message.

35. Defendant creates transmissible personal hypermedia messages that are assigned to, and accessible via, the dynamic messaging links Defendant sends to its customers.

36. The hypermedia messages are personal because the hypermedia messages pertain to specific customers' pharmacy orders or other personal details that are unique to the specific customer such as the customers' date of birth or other personal identifying information.

37. When clicked, or tapped when using a smart phone or smart device, the dynamic messaging links Defendant sends its customers lead Defendant's customers to the personal hypermedia messages Defendant created for the customers.

38. Examples of personal hypermedia messages created by Defendant are attached hereto as **Exhibits C and D** and are shown below:




***Example 1***




***Example 2***

39. The messages above are hypermedia messages because the messages are requested and delivered via Hyper(T)text Transfer Protocol (HTTP) or (HTTPS) secure hypertext transfer protocol (by using links) and are viewable in a browser.

40. The messages above are personal because the messages pertain to a specific customer's pharmacy order and/or personal identifying information.

41. These personal hypermedia messages were assigned to the unique dynamic messaging link (*i.e.*, "wlgrn.com/WPkGgvBjP"), as shown above.

42. On information and belief, Defendant stores the personal hypermedia messages Defendant creates on a device accessible to a network. Network accessibility is necessary for the personal hypermedia messages to be accessible when Defendant's customers click on the unique dynamic messaging links. Storage of the personal hypermedia messages on a device, such as a server or other type of memory device, is necessary for the personal hypermedia messages to be delivered to Defendant's customers.

43. On information and belief, Defendant monitors whether customers activate the unique dynamic messaging links Defendant sends to its customers.

**Count I – Direct Infringement of U.S. Patent No. 11,646,988**

44. Plaintiff incorporates by reference the above paragraphs.

45. Defendant directly infringes under 35 U.S.C. §271(a) at least claim 6 of the '988 Patent, either literally or by the doctrine of equivalents, by making and using its pharmacy customer messaging system.

46. Defendant's pharmacy customer messaging system practices every limitation of claim 6 of the '988 Patent. A chart mapping infringement of the asserted claim is attached herewith as **Exhibit E** and incorporated by reference herein.

47. Defendant's acts of infringement are, and have been, without any authority of license to practice the '988 Patent.

48. As a direct and proximate result of Defendant's infringement of the '988 Patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recovery for

damages sustained as a result of Defendant's wrongful acts in an amount yet to be determined, but within the jurisdictional limits of this Court and at least as much as a reasonable royalty.

49. Defendant has been on actual notice of the '988 Patent since at least as early as the date Defendant received service of this Original Complaint.

50. Defendant's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiff.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. a judgment Defendant has infringed the '988 Patent;

b. a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendant, and anyone in concert with Defendant, from making, using, importing, offering for sale, or selling in the United States the Accused System or any other communication system that infringes the '988 Patent;

c. an award to Plaintiff of damages adequate to compensate for Defendant's infringement in an amount to be determined, but in no event less than a reasonable royalty;

d. a determination by the Court that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

e. an award of prejudgment interest, post-judgment interest, and costs; and

f. such other relief as the Court deems just.

Date: September 28, 2026

Respectfully submitted,

By: */s/ Miguel Villarreal, Jr.*
Miguel Villarreal, Jr.
Texas State Bar No. 24042095
mvillarreal@gunn-lee.com
Brandon T. Cook
Texas State Bar No. 24084166
bcook@gunn-lee.com

**GUNN, LEE, & CAVE, P.C.**
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

**ATTORNEYS FOR PLAINTIFF**